DARRYL SKALE, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID, Defendant-Appellee.

First District (3rd Division)   No. 87—0088

Opinion filed December 30, 1987.

Alan Rhine, of Chicago, for appellant.

.Neil F. Hartigan, Attorney General, of Springfield (John E. Huston, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

This case is before us on administrative review. Defendant Illinois Department of Public Aid (the Department) terminated plaintiff Darryl Skale's participation in the Medical Assistance Program, and it found that plaintiff owed the Department $73,207.04. The trial court upheld the Department's findings and plaintiff appeals.

Shortly after plaintiff received his dental license, he accepted a job at the Roosevelt Pulaski Dental Clinic (the Clinic). He worked there from July 31, 1979, until the first week of March 1980. As a participant in the Medical Assistance Program, he provided services to patients whose dental bills were paid by the Department. Under regulation 111, which the Department placed in evidence, the department required participants in the program to:

> "Maintain and make available for inspection, audit or copying (including photocopying) records sufficient to fully and accurately document the nature, scope, and details of the health care provided. Such records must be retained for a period of not less than three years from date of service or as provided by applicable State laws, whichever period is longer; except that, if an audit is initiated within the required retention period, the records must be retained until the audit is completed and every exception resolved."

According to section D—280 of the *Handbook for Dentists*, which the Department also placed in evidence:

> "A minimal record is to consist of the following:
>> (1.) Patient information
>> (2.) Dates services were provided
>> (3.) Examination findings
>> (4.) X-ray examinations and reports
>> (5.) Treatment plans, if indicated
>> (6.) Treatments given
>> (7.) Medications prescribed and/or dispensed
>> (8.) Consultation reports."

In November 1982 the Department began an audit of plaintiff's

charges for services rendered between July 1979 and December 1980. For that period plaintiff submitted bills to the Department for services to more than 1,000 patients. The Department chose a random sample of approximately one-quarter of those patients and asked plaintiff for their records. For most of the patients, plaintiff did not have a full record, and for these patients, he gave the auditors his day sheets. The day sheets included the names of the patients and the billing code numbers which indicated the services plaintiff performed, but they did not contain X-ray examinations and reports, treatment plans, and medications prescribed or dispensed. Plaintiff told the auditors that he requested his full records from the Clinic shortly after he stopped working there, but the manager of the Clinic refused to give them to him. After the audit began, he again asked for his records, but the Clinic had new management and the former manager had not left the dental records. Plaintiff attempted to subpoena the records from the former manager, but he was unable to locate her.

On September 1, 1983, the Department sent plaintiff notice of its intention to terminate his participation in the program and to recover $73,207.04 from him. Plaintiff requested a hearing. At the hearing the Department's auditors testified that the full records which plaintiff supplied for some of his patients showed a variety of minor discrepancies between the services plaintiff charged to the Department and the services he performed. The Department sought to recover approximately $600 due to these discrepancies. The auditors testified that plaintiff provided no record for several hundred of his patients, and the Department sought to recover approximately $72,600 because plaintiff did not supply the records needed as evidence that he had performed the services for which he had charged the Department.

An audit supervisor for the Department testified that he determined that the day sheets did not meet the Department's record-keeping requirements. He admitted on cross-examination that the Department had no policy concerning the use of substitute records when the required records are lost, destroyed or stolen.

The hearing officer concluded that the day sheets were not acceptable as substitute records, and therefore he found that plaintiff breached his duty to make adequate records available upon the Department's request. The officer recommended that the Department should recoup $73,207.04 from plaintiff, and plaintiff's participation in the Medical Assistance Program should be terminated. The Department adopted the hearing officer's recommendations.

In the trial court proceedings on administrative review, plaintiff alleged that the Department violated its regulations in its audit of

plaintiff's records when the Department requested records for services provided between July 1979 and December 1980, despite the fact that records from July to November 1979 were already more than three years old. Almost 60% of the missing records detailed services provided during the period from July to November 1979. The trial court found that plaintiff waived his objections to the request for records which were more than three years old because he failed to raise the objection in the Department hearings.

On appeal plaintiff argues that the trial court erroneously applied the waiver rule in a manner that allowed the Department to ignore its own rules. In general, "defenses or issues not raised before an administrative agency may not be considered on review." (*Rackow v. Human Rights Comm'n* (1987), 152 Ill. App. 3d 1046, 1064, 504 N.E.2d 1344.) This rule prevents unfair surprise and it allows the administrative agency to have the opportunity to construe rules and statutes which most directly concern the agency's operations. *Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 549-50, 370 N.E.2d 1198, *cert. denied* (1978), 439 U.S. 926, 58 L. Ed. 2d 318, 99 S. Ct. 309.

Plaintiff contends that he sufficiently preserved his objection to the Department's request for records which were more than three years old, because the record of the Department hearing contains all of the information necessary to conclude that the Department requested records beyond those which it required plaintiff to retain. The hearing record includes the dates of service, the date on which Department auditors requested the records, and the Department rule which includes the requirement that service providers retain records for three years or for the period provided by State law. However, plaintiff conceded that he did not state at the hearing any objection to the admission of records more than three years old into evidence, and he did not move to reduce recoupment to the amount due for charges he submitted to the Department for services which were rendered less than three years before the audit commenced.

Plaintiff's failure to direct the hearing officer's attention to this issue deprived the agency of an opportunity to interpret the rules and statutes governing the length of time for which providers must retain their records. Under section 6.1 of the Dental Practice Act, "[d]ental records required by this Section shall be maintained for 10 years." (Ill. Rev. Stat. 1981, ch. 111, par. 222.1.) The Act became effective on January 1, 1980, and at that time the records in question in this case were less than six months old. Plaintiff urges that the Dental Practice Act had no bearing on records which were already in existence prior to its effective date. This is precisely the kind of issue

which the Department should consider in the first instance so that the courts can have the benefit of the Department's views concerning the need for retaining records either three years or 10 years. We find that the purposes of the waiver rule are properly served by its application to this case.

Plaintiff contends that the issue is not waivable because the Department exceeded its jurisdiction and violated its own rules when it penalized plaintiff for failing to retain records for more than three years. The Illinois Administrative Code provides:

> "The business and professional records *** must be retained for a period of not less than 3 years from the date of service or as provided by applicable State law, whichever period is longer ***. This provision is not to be construed as a statute of limitations. However, the Department will not deny, suspend or terminate a provider *** solely because the provider has failed to keep records for more than 3 years." 89 Ill. Adm. Code 140.28(b) (1985).

■ The rule expressly states that the three-year period for which dentists must retain their records is not to be construed as a statute of limitations. Therefore, the regulation on its face allows the Department to consider records which are more than three years old, subject only to the constraint that a termination must not be based *solely* on failure to produce records more than three years old. In the case at bar the Department did not terminate plaintiff solely because he failed to keep records for more than three years: more than 40% of the missing records, supporting more than $30,000 in billings, reflected services rendered less than three years before the beginning of the audit. The Department's decision to terminate plaintiff's participation in the Medical Assistance Program did not violate the Administrative Code. We find that the objection to the Department's consideration of records which were more than three years old was waivable in this case, and we agree with the holding of the trial court that plaintiff waived this objection.

■ Plaintiff also maintains that the hearings were not conducted in a fair and impartial manner, because the Department did not raise or address the issue of the three-year limitation on its own. Neither the hearing officer nor the Department has a duty to present potential defenses for the service provider who is subject to termination. The hearing officer decided between the arguments presented in a fair and impartial manner.

■ Plaintiff argues that the trial court should not have affirmed the decision of the Department because the Department had no clear

policy regarding lost, stolen or destroyed records. "[C]ourts may not interfere with the discretionary authority vested in administrative bodies unless that authority is exercised in an arbitrary or capricious manner [citation] or the administrative decision is against the manifest weight of the evidence [citations]." (*Murdy v. Edgar* (1984), 103 Ill. 2d 348, 391, 469 N.E.2d 1085.) "[T]he sole function of the reviewing court is to ascertain whether the final decision of the agency is just and reasonable in light of the evidence presented." *Markowski v. Edgar* (1986), 151 Ill. App. 3d 176, 180, 502 N.E.2d 1304.

■ In the case *sub judice* the hearing officer noted that the Department had no policy regarding substitute records when the primary records are lost, stolen or destroyed, but he found no evidence that plaintiff's records were unavailable due to such an "Act of God." He concluded that plaintiff simply had not met his duty of making records available and the Department agreed. Plaintiff admitted that he never had the records in his possession and he could not get them from the manager of the Clinic. We cannot say that the Department's conclusion that he had not met his duty to make records available is contrary to the manifest weight of the evidence.

■ Finally, plaintiff contends that the trial court should not have affirmed the Department's decision to impose the inappropriately harsh sanction of termination. A court of review will overturn sanctions imposed by an administrative tribunal only if the sanctions are arbitrary or unreasonable. (*Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 310, 459 N.E.2d 659.) Department regulations required plaintiff to retain records to support all amounts he billed to the Department, and the regulations clearly describe the information which must be included in a record if it is to be acceptable as evidence that plaintiff performed the work for which he has been compensated. Plaintiff did not retain such records to support billings of approximately $72,600. Under these circumstances we cannot say that the Department's decision to terminate plaintiff's participation in the Medical Assistance Program is either arbitrary or unreasonable.

For the reasons stated above, the judgment of the trial court affirming the Department's decision is affirmed.

Affirmed.

McNAMARA, P.J., and RIZZI, J., concur.